UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JONATHAN U.,

               Plaintiff,

    v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

               Defendant.

CASE NO. 3:18-cv-5321 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 1; Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts.12, 13, 14.

After considering and reviewing the record, the Court concludes that the ALJ erred by not including in plaintiff's RFC restrictions from plaintiff's non-severe impairments. There is also evidence in the record that plaintiff's non-severe mental impairment is, in fact, a severe impairment and further development is warranted. Finally, the ALJ did not give clear and convincing reasons supported by substantial evidence for rejecting plaintiff's testimony. For

instance, the ALJ stated in his written decision that plaintiff earns money by doing yard work for his neighbor, when plaintiff only testified to trimming a neighbor's hedges on one occasion.

Accordingly, this matter should be remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. *See* AR. 68, 69. Plaintiff's requested hearing was held before Administrative Law Judge Paul G. Robeck ("the ALJ") on December 13, 2016. *See* AR. 34. On February 1, 2017, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 17.

On February 21, 2018, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR. 2; *see* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in April, 2018. *See* Dkt. 4. Defendant filed the sealed administrative record regarding this matter ("AR.") on September 24, 2018. *See* Dkt. 8.

## BACKGROUND

Plaintiff, Jonathan U., was born in 1996 and was 16 years old on the alleged disability onset date of August 1, 2012. *See* AR. 60. Plaintiff completed 11th grade and has never worked. AR. 151-52. At the time of the hearing, plaintiff was living with his mother. AR. 37.

According to the ALJ, plaintiff has at least the severe impairments of obesity, mild left carpal tunnel syndrome, and pseudotumor cerebri with headaches. AR. 22.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

Plaintiff filed his disability application alleging multiple physical impairments. Upon review of the medical evidence, the ALJ also identified mental impairments of depression, anxiety, and post-traumatic stress disorder ("PTSD").

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ failed to fully and fairly develop the record; (2) Whether the ALJ properly evaluated the medical evidence; (3) Whether the ALJ properly evaluated the plaintiff's testimony; (4) Whether the ALJ properly evaluated the lay evidence; and (5) Whether the ALJ properly assessed plaintiff's RFC and erred by basing his step five finding on his erroneous RFC assessment. *See* Dkt. 12, p. 1.

**I.      Whether the ALJ properly evaluated plaintiff's testimony.**

Plaintiff testified to symptoms arising from his multiple impairments, including dizziness, headaches, wrist pain, difficulty thinking, tiredness, and fatigue. The ALJ rejected plaintiff's testimony on the grounds that it was not entirely consistent with the medical evidence. AR. 26.

If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

First, in a stand-alone sentence, the ALJ states that "[t]he medical record does not support the severity of the claimant's alleged physical symptoms." AR. 26. There is no further analysis on this point, nor is this sufficiently specific, clear and convincing. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (citing *Cotton, supra*, 799 F.2d at 1407); Social Security Ruling ("SSR") 16-3p, 2016 SSR LEXIS 4 at *12-*13 (this Ruling emphasizes that the Administration "will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual").

The ALJ also assessed plaintiff's credibility by writing a separate analysis for each severe impairment: obesity, carpal tunnel syndrome, and headaches. AR. 26-27. For each impairment the ALJ recites the same set of reasons for rejecting plaintiff's symptom evaluation based on plaintiff's daily activities. The ALJ states, with minimal variation, that:

> [T]he claimant reports performing a wide variety of activities with his impairment. For instance, the claimant testified the he earns money by doing yard

> work for his neighbors. He also reports attending school and playing a lot of video games during the period he is alleging disability []. The claimant stated that he enjoys gardening, and is growing corn, zucchini, rosemary, tomatillos, and tomatoes. Lastly, he stated that he has applied for several jobs during the period he is alleging disability.

AR. 27. These are not clear and convincing reasons for rejecting plaintiff's testimony.

The Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any way detract from [his] credibility as to [his] overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit set forth "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn*, 495 F.3d at 639 (citing *Fair, v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). As stated by the Ninth Circuit, the ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse determination regarding if a claimant's statements should be credited. *Orn*, 495 F.3d at 639 (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). Here, the ALJ merely stated that plaintiff engaged in certain daily activities, but did not analyze whether this was somehow transferable to work skills or was inconsistent with plaintiff's testimony.

The ALJ also mischaracterized plaintiff's testimony. The ALJ states that plaintiff "earns money by doing yard work for his neighbors." AR. 27. Yet the hearing testimony reveals that plaintiff testified to trimming the hedges for one neighbor on one occasion. AR. 38-39. The ALJ also stated that plaintiff attended school during the period he is alleging disability. AR. 27. However, plaintiff testified that he used to do well in school, but dropped out of regular high

school when he began failing his classes because of his headaches. AR. 40-41. He later attempted online courses but dropped out again, stating he knew he was going to fail and could not get help from his teachers. AR. 40. The ALJ also stated that plaintiff applied for jobs during the period of alleged disability, but did not include plaintiff's testimony that he did not get hired. AR. 57. This Court concludes that the ALJ did not give clear and convincing reasons for discounting plaintiff's testimony.

In regards to obesity, in addition to relying on plaintiff's daily activities, the ALJ states that plaintiff "acknowledged at the hearing that he does not exercise regularly as recommended by his treatment providers." AR. 26. However, the ALJ failed to include plaintiff's testimony that he could no longer afford the gym he had been going to. AR.53-54. After asking plaintiff "Are you trying hard enough [to lose weight]," the ALJ stated, "It doesn't cost anything to walk, right?" AR. 53-54. Plaintiff explained to the ALJ there were lots of shootings and drugs in his neighborhood and that he and his mother felt the neighborhood was not safe. AR. 54. Astonishingly, the ALJ asked if the drugs in his neighborhood were weight loss drugs and stated "[s]ome people on amphetamines lose a lot of weight." AR. 54. Suggesting, even jokingly, that plaintiff engage in illegal drug use to treat his medical condition is not only clearly inappropriate, but also certainly is not a clear and convincing reason for rejecting plaintiff's testimony in regards to his obesity. Moreover, the ALJ must consider the "possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." 2016 SSR LEXIS 4 at*23, 2016 WL 1119029. In sum, the ALJ failed to give clear and convincing reasons for rejecting plaintiff's testimony.

//

//

**II. Whether the ALJ fully developed the record.**

Plaintiff alleges that the record does not include a mental or physical evaluation "from any treating or examining physician that includes an opinion clearly describing Unger's functional limitations." Dkt. 12, p. 2.

The ALJ "has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting *Brown v. Heckler*, 713 F.2d 411, 443 (9th Cir. 1983) (per curiam))). The ALJ's "duty exists even when the claimant is represented by counsel." *Brown*, 713 F.2d at 443 (citing *Driggins v. Harris*, 657 F.2d 187, 188 (8th Cir. 1981)). The Ninth Circuit has held that "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 276 F.3d 453, 459-460 (9th Cir. 2001)(citing *Tonapetyan,* 242 F.3d at 1150); *see also* 20 C.F.R. §404.1519a(b); POMS DI: 22510.005.

Here, plaintiff does not state how the lack of mental or physical evaluations in the record has led to ambiguous or inadequate evidence. *See Mayes,* 276 F.3d at 459-460. Absent a showing of ambiguous or inadequate evidence, plaintiff has no "affirmative right to have a consultative examination performed. . ." and the ALJ has "broad latitude in ordering a consultative examination." *Reed v. Massanari,* 270 F.3d 838, 842 (9th Cir. 2001).

The Ninth Circuit found in *Garcia v. Comm'r of Soc. Sec.* that an ALJ had failed to develop when she did not obtain IQ tests, which played a material role in assessing whether the claimant had an intellectual disability. 768 F.3d 925, 931-32 (9th Cir. 2014). That court held that "because the regulations clearly assert the importance of a complete IQ test administration" the

ALJ erred in failing to develop the record. *Id.* Here, plaintiff does not allege that testing is material to determining whether or not plaintiff is disabled, he merely states that there is no functional assessment in the record.

However, the Ninth has indicated that "where the secretary is doubtful as to the severity of [a claimant's] disorder the appropriate course is to request a consultative evaluation." *Reed* 270 F.3d at 842 (citing *Carrillo Marin v. Sec'y of Health and Human Servs.*, 758 F.2d 14, 17 (1st Cir. 1985). Here, plaintiff filed his disability application alleging only physical impairments, but on examination of the medical record, the ALJ observed that plaintiff had been diagnosed with depression, anxiety, and PTSD. The ALJ asserts that these impairments are not severe because there is no evidence of any vocational limits, and that they do not cause more than a minimal limitation in plaintiff's ability to perform basic work activities at step two. AR. 23. The ALJ evaluated considered the four functional areas set forth in the regulations for evaluating mental disabilities. AR. 23. However, the ALJ's evaluation of these functional areas relies on his assessment of plaintiff's testimony, which this Court found in section one to be erroneous.

Although medication helped plaintiff's depression, he was also diagnosed with anxiety and PTSD. AR. 23. The record shows that plaintiff also experienced panic attacks (AR. 519), uncontrolled anxiety (AR. 520-21), and things closing in on him (AR. 670-72). Pursuant to Social Security Regulations and the Ninth Circuit ruling in *Buck v. Berryhill,* the ALJ is required to include in the RFC any "limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p, 1996 SSR LEXIS 5 at *14; *Buck v. Berryhill,* 869 F.3d 1040, 1048-1049 (9th Cir. 2017)("[s]tep two is merely a threshold determination meant to screen out weak claims… [and] [t]he RFC therefore *should* be exactly

the same regardless of whether certain impairments are considered 'severe' or not.")(citing *Bowen v. Yuckert*, 482 U.S. 137, 146-47 (1987)).

Therefore, on remand, the ALJ should further develop the record in regards to plaintiff's potentially severe mental impairments. Regardless of whether plaintiff's mental impairments are severe, the ALJ should also reconsider whether these impairments create limitations which should be included in plaintiff's RFC.

### III.     Remedy.

When the Commissioner does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). The Ninth Circuit has stated that when "neither the ALJ nor the vocational expert had the full picture before them, remand for further proceedings is particularly appropriate." *Harman v. Apfel,* 211 F.3d 1172, 1181 (9th Cir. 2000). Here, the ALJ failed to include limitations from plaintiff's non-severe impairments evidence from his hypothetical to the vocational expert.

Moreover, the ALJ mischaracterized plaintiff's testimony. If crediting plaintiff's testimony as true, this Court cannot determine from the record whether the ALJ would be required to find plaintiff disabled, as this court would have to engage in fact finding to translate plaintiff's testimony into concrete RFC limitations. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)(an award of benefits is proper where it is "clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.")(quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

On remand, the ALJ should conduct a new hearing, consider the record as a whole, including any new evidence presented, and issue a new written decision.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Dated this 22nd day of February, 2019.

_____
J. Richard Creatura
United States Magistrate Judge